**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No.** _____

Kathy Coleman**, Plaintiff,**

**v.**

Creditors Financial Group, LLC**, Defendant.**

---

**COMPLAINT**

---

## PARTIES

1. Plaintiff Kathy Coleman is a citizen of Texas who presently resides at the following address: 2923 Cummings, Dallas, TX 75216.

2. Defendant Creditors Financial Group, LLC is a citizen of Colorado who is located at the following address: 350 N Saint Paul St, Dallas, TX 75201.

## JURISDICTION

3. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because Defendant resides in this district under 28 U.S.C. § 1391.

## BRIEF FACTUAL BACKGROUND

4. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

5. Defendant is a corporation doing business primarily as a consumer debt collector.

6. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

7. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

8. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

9. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

10. All of Defendant's actions occurred within one year of the date of this Complaint.

11. In or around the April 2007, during a telephone communication, Plaintiff informed Defendant that Plaintiff could not receive Defendant's telephone calls at work and requested that Defendant refrain from calling Plaintiff at work in the future.

12. Plaintiff has reiterated this notice and request to Defendant on several occasions.

13. Despite this notice, Defendant telephoned Plaintiff at work multiple times in or around April 2007.

14. Despite this notice, Defendant telephoned Plaintiff at work multiple times in or around May 2007.

15. Despite this notice, Defendant telephoned Plaintiff at work multiple times in or around June 2007.

16. Despite this notice, Defendant telephoned Plaintiff at work multiple times in or around July 2007.

17. Despite this notice, Defendant telephoned Plaintiff at work multiple times in or around August 2007.

18. Despite this notice, Defendant telephoned Plaintiff at work multiple times in or around September 2007.

19. During one of the communications referenced in paragraph 16, Defendant's co-worker ("Gregory") answered the phone.

20. During this communication, Defendant asked to speak with Plaintiff and Gregory stated that Plaintiff was away from Plaintiff's desk.

21. During this communication, Defendant harassed Gregory and asked in a loud and demanding voice where Plaintiff was and if Plaintiff was in the bathroom.

22. On or around September 12, 2007, despite having Plaintiff's contact information, Defendant telephoned Plaintiff's neighbor ("Neighbor") and asked Neighbor to give Plaintiff a message to call Defendant.

23. On a date to be determined through discovery, during a telephone communication, Defendant spoke with Plaintiff's mother ("Mother") and disclosed Plaintiff's debt.

24. During this communication, Defendant told Mother that she needed to convince Plaintiff to pay Plaintiff's bills.

25. Plaintiff is emotionally distraught and has been compelled to hire counsel to prosecute this action.

26. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

27. Defendant violated the FDCPA.

## FIRST CLAIM FOR RELIEF

### Violation of the Fair Debt Collections Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at a time and place known to be inconvenient for Plaintiff.

## SECOND CLAIM FOR RELIEF

### Violation of the Fair Debt Collections Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive and was not permitted to receive personal phone calls at work.

## THIRD CLAIM FOR RELIEF

### Violation of the Fair Debt Collections Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## FOURTH CLAIM FOR RELIEF

### Violation of the Fair Debt Collections Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## FIFTH CLAIM FOR RELIEF

### Violation of the Fair Debt Collections Practices Act

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## SIXTH CLAIM FOR RELIEF

### Invasion of Privacy by Intrusion upon Seclusion

38. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

39. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

40. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

41. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

42. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

43. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

44. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

45. Plaintiff prays for the following relief:

a.  Judgment against Defendant for actual damages, statutory damages

pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees

pursuant to 15 U.S.C. §1692k.

b.  Judgment, in an amount to be determined at trial, against Defendant for

the Invasion of Privacy by Intrusion upon Seclusion.

c.  For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,

MACEY & ALEMAN


By:____s/ Jeffrey S. Hyslip_____
      Jeffrey S. Hyslip
      Macey & Aleman, P.C.
      20 W. Kinzie St. Suite 1300
      Chicago, IL 60601
      Telephone: (866) 339-1156
      FAX: (312) 822-1064
      Email: jsh@legalhelpers.com
      Attorney for Plaintiff